UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CHRZANOWSKI and
CHERYL CHRZANOWSKI,   CASE NO. 14-CV-11365

    Plaintiffs,   HON. GEORGE CARAM STEEH

v.

U.S. BANK, NATIONAL
ASSOCIATION, and JPMORGAN
CHASE BANK, NATIONAL
ASSOCIATION,

    Defendants.
_____/

ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS (DOC. 9)

Plaintiffs, Richard and Cheryl Chrzanowski, brought a two count complaint in Wayne County Circuit Court against Defendants U.S. Bank, National Association, as Trustee, and JPMorgan Chase, National Association on February 28, 2014. The complaint was removed to this court on April 2, 2014. Plaintiffs seek to quiet title in the subject property (Count I) and allege unjust enrichment (Count II). This matter is before the court on Defendants' motion for judgment on the pleadings. Oral argument in this matter had been scheduled for August 11, 2014, but upon review of the submissions, the court determines that oral argument would not significantly aid the decision process. Pursuant to Local Rule 7.1(e)(2), the motion shall be resolved without a hearing. Plaintiffs have not filed a response, and the time period for doing so has expired. The court is aware of the Sixth Circuit's admonition that a district court may not grant a

defendant's motion for judgment on the pleadings on the sole basis that a plaintiff has failed to respond. Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991). Even in the absence of a response, this court is required to examine the movant's motion to ensure that the movant has met its burden. Id. The court shall undertake such an analysis here, and for the reasons set forth below, Defendants' motion for judgment on the pleadings shall be granted.

## FACTUAL BACKGROUND

This case involves the real property located at 44805 Joy Road, Canton, Michigan 48187 (the "Property"). On July 28, 2003, Plaintiffs purchased the Property and executed a Mortgage with Preferred Plus Mortgage Corp., which was recorded on August 12, 2003. The Mortgage was assigned to Chase Manhattan Mortgage Corporation. On December 16, 2011, the Mortgage was then assigned to JPMorgan Chase Bank, National Association. That assignment was recorded on January 11, 2012.

In 2008, Plaintiffs invested $100,000 to prepare the Property for development. Plaintiffs subsequently defaulted on their Mortgage. Chase Bank initiated a foreclosure action on the Property, which was abandoned in approximately 2012. Defendants have not paid property taxes for the years 2011, 2012, and 2013, and the Property is therefore at risk of being sold at a tax sale.

## STANDARD OF REVIEW

Defendants seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court of Appeals for the Sixth Circuit has stated that a district court must consider a Rule 12(c) motion using the same standard of review as a Rule 12(b)(6) motion. Roger Miller Music, Inc. v. Sony/ATV Publ'g, 477 F.3d 383, 389 (6th

Cir. 2007).  In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.  Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]"  Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555).  The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).  The well-pleaded facts must permit an inference of more than a mere possibility of misconduct.  Id. at 679.

In ruling on a motion to dismiss, the court may consider not only the complaint, but also (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may take notice, and (3) public documents.  Tallabs, Inc. v. Makor Issues & Rights,, Ltd., 551 U.S. 308, 322 (2007); see, also, Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007) ("when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.").  In this case, the court's consideration of the Mortgage and assignments of the Mortgage, which were attached as exhibits to Defendants' motion for judgment on the pleadings,

does not convert the motion to a motion for summary judgment as these documents are referred to in the complaint and are integral to Plaintiffs' claims. Accordingly, the court shall consider Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) and shall not convert the motion into one for summary judgment.

ANALYSIS

I. Quiet Title

To begin with, the Sixth Circuit, in a recent unpublished opinion, has found that a request to quiet title is a remedy and not a cause of action. Goryoka v. Quicken Loans, Inc., 519 F. App'x 926, 929 (6th Cir. 2013). Even if quiet title can be pleaded as a separate cause of action, Plaintiffs have failed to establish such a claim here. In order to quiet title to land, "plaintiff has the burden of proof and must make out a prima facie case of title. Once plaintiff makes out a prima facie case, the defendant[] then ha[s] the burden of proving superior right or title in themselves." Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Co. Road Comm'n, 236 Mich. App. 546, 550 (1999). Plaintiffs admit that they executed the Mortgage. Complaint ¶¶ 2, 22. Plaintiffs do not deny that the Mortgage transferred an interest in the Property to Defendants. Nor do they deny that by defaulting under the terms of the Mortgage Defendants gained a superior right to the title. Rather, Plaintiffs claim that Defendants have abandoned their interest in the Property by halting the foreclosure proceedings on the Mortgage and failing to pay taxes on the Property thereby subjecting it to a potential tax auction. Plaintiffs believe that Defendants' inaction regarding the Property coupled with their interest and investment in the Property justifies their quiet title claim. However, nothing in the Mortgage requires Defendants to foreclose on the Property.

Plaintiffs request that the court rescind the Mortgage and declare it invalid, but they have not repaid or offered to repay the Loan. Given that rescission is equitable in nature, Michigan law requires Plaintiffs to return Defendants to their pre-contractual status. Kundel v. Portz, 301 Mich. 195, 210 (1942). If title was quieted in Plaintiffs' name, without repayment of the Loan, they would achieve a windfall; they would get to keep the benefit of the Loan as well as the Property they put up as collateral. The Sixth Circuit has applied the doctrine of unclean hands to bar a quiet title claim, holding that a mortgagor who receives the proceeds of a loan and fails to pay it back cannot seek "judicial assistance in avoiding his contractual obligations." Yuille v. Am. Home Mortg. Servs., 483 F. App'x 132, 135 (6th Cir. 2012). Plaintiffs also seek declaratory judgment for relief in this case, but for the reasons set out above, their request for declaratory judgment is denied.

II.     Unjust Enrichment

Unjust enrichment is an equitable remedy, applied by courts to prevent the retention of unjust "money or benefits which in justice and equity belong to another." Tkachik v. Mandeville, 487 Mich. 38, 47 (2010) (quoting McCreary v. Shields, 333 Mich. 290, 294 (1952) (internal citation omitted)). Its elements are (1) defendants' receipt of a benefit from plaintiffs and (2) an inequity to plaintiffs as a result. See Belle Isle Grill Corp. v. City of Detroit, 256 Mich. App. 366, 375 (2003) (citing Barber v. SMH (US), Inc., 202 Mich. App. 366, 375 (1993)). Under these circumstances, courts may imply a contract to prevent Defendants' unjust enrichment, but may not do so where there is an express contract covering the same subject matter. Martin v. East Lansing School Dist., 193 Mich. App. 166, 177-78 (1992).

Plaintiffs did not file a response, but in their initial complaint they state that they "have a substantial investment in the subject property and continue to be liable for the maintenance of the Subject Property." Complaint ¶ 36. This assertion does not clearly establish what particular benefits have allegedly been received by Defendants that would give rise to a claim of unjust enrichment. Most importantly, however, the Mortgage is an express contract governing the relationship between Plaintiffs and Defendants. Where an express contract to which Plaintiffs were signatories governs the premise of the alleged unjust enrichment, it is subject to dismissal for failure to state a claim. Id.; Convergent Grp. Corp. v. Cnty. of Kent, 266 F. Supp. 2d 647, 661 (W.D. Mich. 2003). Such is the case here.

## CONCLUSION

For the reasons stated above, Defendants' motion for judgment on the pleadings (Doc. 9), pursuant to Fed. R. Civ. P. 12(c), is **GRANTED**. The complaint will be dismissed in its entirety and judgment will enter for Defendants.

**IT IS SO ORDERED**.

Dated: June 26, 2014

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 26, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk